IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANK JOHNSON, #277424              \*
        Petitioner,
   v.                                   \* CIVIL ACTION NO. JFM-05-1511

STATE OF MARYLAND               \*
        Respondent.
                                   \*\*\*\*\*\*

## **MEMORANDUM**

On June 3, 2005, this court received a "motion to toll the statute of limitation to appeal movant's erroneous habeas corpus decision...." Paper No. 1. Petitioner, a state inmate who is currently confined at the Western Correctional Institution in Cumberland, Maryland, claims that he is being held unconstitutionally. He alleges that Allegany County Circuit Court Judge Gary Leasure denied his petition for habeas corpus on March 2, 2005, and that he filed a motion to the Court of Appeals of Maryland to toll the time for appellate review. *Id*. at 2. Petitioner complains that Chief Judge Robert M. Bell denied his motion without an opinion. *Id*., Ex. 2.

Petitioner seemingly asks this federal court to compel the state courts to toll applicable state court appeal deadlines. To that end, his motion has been construed as a petition for mandamus relief and shall be denied. Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over state court judges or clerks. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Therefore, Petitioner's request for

mandamus relief shall be dismissed.[1]

In light of this opinion, a separate Order shall be entered dismissing the petition without requiring service of process. A separate Order follows.


Date: <u>June 10, 2005</u>                           /s/
                                                    J. Frederick Motz
                                                    United States District Judge

---

[1] Article III of the Constitution limits federal judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). Petitioner, however, has not presented any federal issues to this court. In 1998, petitioner filed a federal habeas corpus petition while awaiting sentencing. *See Johnson v. State*, Civil Action No. JFM-98-2281. The petition was dismissed without prejudice on August 4, 1998. To the extent that he seeks federal review over that state court conviction, petitioner may re-file a timely federal habeas corpus petition after exhaustion of his state court remedies.